**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

WILLIAM MACRI,

    Petitioner,

v.                                                                                Civil Action No. 5:14cv11
                                                                                (Judge Stamp)

DAVID BALLARD, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 29, 2014, petitioner, a prisoner incarcerated at the Mt. Olive Correctional Center ("MOCC") in Mt. Olive, West Virginia, filed a *pro se* petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. On February 3, 2014, he was granted permission to proceed as a pauper but directed to pay the Five Dollar filing fee. Petitioner paid the requisite fee on February 19, 2014. By Order entered March 4, 2014, the respondent was directed to answer the petition. On March 27, 2014, the respondent filed a Motion to Dismiss. Petitioner filed his reply on April 25, 2014.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 2.

### II. Factual Background

The petitioner is currently serving a 4 to 30 year sentence after entering guilty pleas pursuant to a plea agreement in the Circuit Court of Ohio County, West Virginia,[1] on August 2, 2010, to one count of Delivery of a Controlled Substance within 1000 feet of a school zone, and one count of Possession of a Schedule II Controlled Substance with Intent to Deliver.

---
[1] State of West Virginia v. Macri, Ohio County Circuit Court Criminal Case No. 10-F-57.

Petitioner did not appeal.

**<u>Petitioner's First State Habeas Petition</u>**

On March 7, 2011, petitioner filed a *pro se* state habeas petition in the Circuit Court of Ohio County, West Virginia, raising three claims.

1) Counsel was ineffective because he "refuses to file motion [sic] for me" and does not answer petitioner's phone calls or letters regarding his case;

2) he was forced into entering an involuntary guilty plea because the State threatened him with a sentence of 13 to 105 years and he was not willing to risk his life for a wrongful conviction; and

3) the indictment was defective because nine of the ten counts were related to heroin, a Schedule I narcotic. However, in the indictment and during sentencing, petitioner was charged with a crime involving a Schedule II Controlled Substance. Therefore, the indictment and resulting sentence were defective.

After considering the petition, the record, applicable law, and the arguments of counsel and the State in an August 24, 2011 hearing, by two Orders entered January 24, 2012, the court granted the petition only as to petitioner's claim that his indictment was incorrect as to the drug classification and denied petitioner's remaining claims. Petitioner's claim of ineffective assistance was found to be insufficiently pled; his involuntary plea claim lacked merit; and an implied double jeopardy claim regarding the charges in the indictment also lacked merit because petitioner waived his right to challenge the indictment by entering into the plea agreement. As for petitioner's third claim, that the indictment was fatally flawed, the court found that petitioner had waived the right to challenge all pre-trial proceedings pursuant to the plea, but even if he had not, that challenge lacked merit as well. Although petitioner's claim that heroin was a Schedule I controlled substance as opposed to a Schedule II controlled substance was correct, the statute under which he was sentenced applied to both Schedule I and II substances, as long as both were

narcotics. Accordingly, even if heroin had been correctly categorized in the indictment, petitioner would have received the same sentence either way; thus there was no prejudicial error.

Petitioner did not appeal the denial of state habeas relief.

**Petitioner's Second State Habeas Petition**

On January 29, 2014, the same day the instant §2254 action was filed, petitioner filed his second *pro se* state habeas petition in in the Circuit Court of Ohio County, West Virginia,[2] raising four claims:

1) a "question of actual guilt upon acceptable guilty plea [sic]," because petitioner was outside of the 1,000 foot range of distance from Madison School when he sold drugs at 219 North Front Street, Wheeling, a distance of "approximatel[y] 1,279 feet away [sic];"

2) his conviction was unlawfully induced or involuntarily made because he was charged with selling drugs within a 1000 feet of a school, a crime he did not commit;

3) both his defense counsel and his habeas counsel were ineffective because neither checked the distance in feet that petitioner was from Madison School when he sold the drugs, permitting petitioner to plead guilty for something he did not do; and

4) the statute under which the conviction was obtained was unconstitutional, because it is unconstitutional to put someone in prison for a crime they did not do, and it's unconstitutional to not receive proper legal advice.

That petition is still pending.

### III. **Petitioner's Federal Habeas Corpus Claims**

In his petition for §2254 habeas corpus relief, the petitioner raises four grounds:

1) 1) a "question of actual guilt upon acceptable guilty plea [sic]," because petitioner discovered, after doing some "research" that he was never within 1,000 foot of a school, because he did a Google map search and realized he was 1,279 feet away;

2) "my lawyers were ineffective due to the facts that they did not do their jobs by checking the distance for the school zone or by having the charge droped [sic], by seeing that I was in fact clear of the school zone to get this charge, or file a motion to say it in court;" and

---

[2] Macri v. Ballard, Ohio County Circuit Court Case No. 14-C-26.

3

3) the statute under which conviction was obtained [was] unconstitutional," because it is unconstitutional to put someone in prison for a crime they did not do, and by me being outside of that 1000 ft. zone, makes it unconstitutional when you put me in prison for that crime, and not get the right legal advise [sic] for court."

4) There were defects in the indictment, because "once I was indicted for delivery of controlled substance within 1000 ft. of a school, and I was not within that 1000 feet[,] that right there alone makes it a defect [sic] indictment."

As relief, the petitioner requests to be released from prison; have his sentence reduced; be released on probation or receive any other type of relief.

## IV. Respondent's Answer

The respondent contends that the petition must be dismissed because it is untimely and petitioner has failed to exhaust his state court remedies.

## V. Petitioner's Reply

Petitioner reiterates his arguments and attempts to refute the respondent's on the same.

## VI. Standard of Review

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when a complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support his or her allegations. Revene v. Charles County Comm'rs, 882 F.2d 870 (4th Cir. 1989). Courts, however, are not required to accept conclusory allegations couched as facts and nothing more when ruling on a motion to dismiss pursuant to 12(b)(6). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss a plaintiff must state a plausible claim in his complaint that is based on cognizant legal authority and includes more than conclusory or speculative factual allegations. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id.; see also Nemet Chevrolet, Ltd. v. Comsumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id.

Whether a complaint is legally sufficient is measured by whether it meets the standards for a pleading stated in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 (providing general rules of pleading), Fed. R. Civ. P. 9 (providing rules for pleading special matters), Fed. R. Civ. P. 10 (specifying pleading form), Fed. R. Civ. P. 11 (requiring the signing of a pleading and stating its significance), and Fed. R. Civ. P. 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted). See Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009).

Petitioner is proceeding *pro se* and therefore the Court is required to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, Haines, 404 U.S. at 520, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Id. at 520-21. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v.

Hargett, 174 F.3d 1128 (10th Cir. 1999). However, a court may not construct the plaintiff's legal arguments for her. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001)(cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006) (unpublished)). There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider official public records, "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462 (4th Cir. 2011).

## VII. Analysis

### A. Failure to Exhaust State Court Remedies

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State...

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a

petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriguez, 411 U.S. 475, 477 (1973)).

"The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). A federal court may only consider those issues the petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971). The "exhaustion" doctrine requires a federal habeas petitioner to have presented all federal claims – *in federal terms* – to the highest state court prior to presenting them for federal habeas review. Id. at 275. This requirement ensures the State is given the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Id. To exhaust a claim in state court, the petitioner must "expressly raise [] that same federal constitutional claim in state court that he raises in federal court." Diaz v. Weisner, 2006 U.S. Dist. LEXIS 56583, at *31 (W.D.N.C. Aug. 1, 2006). "It is not enough that all the facts necessary to support the federal claim were before the state court or that a somewhat similar state-claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982)(citations omitted).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code §53-4A-1, followed by filing a petition for appeal from an adverse ruling in the WVSCA. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the WVSCA. However, an original jurisdiction

petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Here, petitioner has never appealed any of his federal habeas claims to the highest state court. Moreover, his second state habeas petition was filed on the same day as the instant §2254 petition and it is apparent from the record that that petition is still pending before the Circuit Court of Ohio County. Because the State court has not yet issued a decision on the merits of the petitioner's second state habeas petition claims, the State has not been afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoner's federal rights, and those claims have not been exhausted.

Therefore, the undersigned finds that none of the petitioner's claims are exhausted, because he still has a remedy available for them in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition and the petition should be dismissed.

**B. Timeliness**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post-conviction proceeding that would have tolled the federal limitation period,[3] the petitioner had one-year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner was sentenced by order entered August 2, 2010. Because petitioner did not file a direct appeal, his sentence became final when the time for seeking such review expired. Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, a petition for appeal must be filed with the Clerk of the Circuit Court within four months of the entry of the circuit court order. Thus, in this case, the petitioner's sentence became final on December 3, 2010, and therefore, he had until December 3, 2011, to timely file a federal habeas petition.

Nonetheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d at 327. Therefore, the petitioner's one-year limitation was tolled on March 7, 2011, when he filed his state habeas petition with the Circuit Court of Ohio County. At that time, 64 days of the one-year limitation had already expired.

The petitioner's first state habeas petition was denied on January 25, 2012. He did not appeal that decision. Pursuant to Rule 5(f) of the W.Va. Rules of Appellate Procedure, a litigant has four months from date of entry of Circuit Court judgment in a criminal or civil case to

---

[3] 28 U.S.C. § 2244(d)(2).

perfect an appeal with the Clerk of the WV Supreme Court before the judgment is final. Accordingly, judgment on petitioner's first state habeas corpus petition was not final until May 25, 2012. Thus, the petitioner's one-year limitation period began to run again on May 26, 2012, and it continued to run for 301 days, and would have expired on Saturday, March 23, 2013. However, because that date falls on a weekend, the next business day on which the one-year period would have expired would have been Monday, March 25, 2013.

Petitioner did not file his second state habeas petition until January 29, 2014, the same day he filed the instant §2254 petition. By the time he filed his second state habeas and initiated this §2254 action, he was already untimely by ten months and four days.

In his reply, petitioner argues that his §2254 petition should not be considered untimely, or alternatively, his untimeliness should be excused, because his first state habeas counsel was ineffective for not filing an appeal of its denial. He asserts that when the petition was denied on January 24, 2012, he asked his habeas lawyer to appeal to appeal, and "to my understanding . . . [my lawyer] was going to file the appeal, but he failed to do so, and by the time that I found out that he did not . . . the deadline was up."[4] Petitioner further asserts that his first habeas counsel "mislead me by saying . . . ["]I do not believe any addition court filings would be beneficial[”][5] therefor I should not be at fault for being untimely because I tried to get my lawyer to file it."[6] Finally, he admits that even though he missed the one year deadline, it "should not change the fact that I'm in prison on a [sic] illegal sentence," which he contends should be void, because of

---

[4] Dkt.# 20 at 1.

[5] Petitioner attaches a copy of a January 27, 2012 cover letter from his first state habeas counsel, attorney Mark Panepinto, providing him with copies of the January 24, 2012 Orders, explaining that the Circuit Court of Ohio County granted his petition insofar as it clarified the correct drug classification schedule, but denied it in all other respects, effectively ruling that by virtue of petitioner's guilty plea, he was prohibited from raising the remaining issues. Attorney Panepinto explained "[i]f you should have any questions concerning the enclosures, please do not hesitate to contact my office. I do not believe any additional court filings would be beneficial." Dkt.# 20-1.

[6] Dkt.# 20 at 2.

his newly-discovered information regarding the distance between where he sold the drugs and the address of Madison School.

As a preliminary matter, the letter from habeas counsel petitioner attaches to his reply does not prove that petitioner directed or requested state habeas counsel to file an appeal; it merely shows that counsel advised petitioner that incident to his plea agreement, that he had waived the right to bring his claims. Nonetheless, even assuming, arguendo, that Attorney Panepinto did refuse or ignore petitioner's request to file an appeal, causing petitioner to miss the deadline to appeal the denial of his state habeas petition, petitioner's reliance on the alleged ineffectiveness of Attorney Panepinto has no merit. There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991)(citations omitted). An attorney's errors on state habeas can "only constitute 'cause' if a defendant was denied his right to effective assistance of counsel. As explained in Coleman, the defendant had no such right in his state habeas appeal." Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992). Therefore, under Wise and Coleman, petitioner had no right to counsel, effective or otherwise, on state habeas, and thus cannot claim ineffective assistance of state habeas counsel, or that counsel's errors were cause for procedural default. Smith v Angelone, 111 F.3d 1126, 1133 (4th Cir. 1997).

Accordingly, petitioner's §2254 petition must also be denied as untimely. As for petitioner's remaining claim, that his petition should be granted because his conviction is illegal because the school nearest to where he delivered the narcotics was outside the statutorily-proscribed 1,000 feet, petitioner still has his pending second state habeas petition for relief.

## VII. Recommendation

Based on the foregoing, it is recommended that the petition be **DISMISSED with prejudice**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by February 17, 2015**, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record by electronic means.

Dated: February 3, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE