```
      IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

WILLIAM MACRI,

    Petitioner,

v.                                            Civil Action No. 5:14CV11
                                                                    (STAMP)

DAVID BALLARD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

### I. Procedural History

On January 29, 2014, the pro se[1] petitioner, William Macri, a prisoner incarcerated at the Mt. Olive Correctional Center ("MOCC") in Mt. Olive, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.13. The magistrate judge entered a report and recommendation recommending that this Court dismiss the petition with prejudice as the petitioner has failed to exhaust his state court remedies and his petition was untimely filed.

### II. Facts

The petitioner entered a guilty plea in the Circuit Court of Ohio County, West Virginia on the following charges: one count of

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

delivery of a controlled substance within 1,000 feet of a school zone and one count of possession of a Schedule II controlled substance with intent to deliver. The petitioner is currently serving a four to thirty year sentence. The petitioner did not directly appeal his sentence.

The petitioner then filed a pro se state habeas petition in the Circuit Court of Ohio County, West Virginia raising three claims: that he received ineffective assistance of counsel, that he was forced to enter an involuntary guilty plea, and that the indictment was defective. The court denied his petition as without merit except for his claim regarding the defectiveness of his indictment. The court found that the indictment had incorrectly cited that the narcotics involved in the underlying case were Schedule II rather than Schedule I controlled substances. However, the court found that this was not prejudicial error as both schedules of substances are housed under the same statute and the petitioner would have received the same sentence either way. The petitioner did not appeal the denial.

The same day that the petitioner filed his current motion, the petitioner filed a second pro se state habeas petition raising four claims: (1) actual innocence as the school in question was outside the 1,000 foot range; (2) his conviction was unlawfully induced or involuntary as he was convicted for a crime he did not commit because it was not within 1,000 feet; (3) ineffective assistance of

counsel by both his trial counsel and habeas counsel; and (4) the statute under which his conviction was obtained is unconstitutional as it is unconstitutional to put someone in prison for a crime he did not commit. This petition is still pending. In his current petition, the petitioner makes similar, if not mirrored, arguments as those raised in the second state habeas petition.

The respondent filed a motion to dismiss contending that the petition is untimely and that the petitioner has failed to exhaust his state court remedies. In response, the petitioner reiterated his arguments from the petition and contends that his counsel was ineffective and thus caused him to file the current petition untimely.

Thereafter, the magistrate judge entered his report and recommendation recommending dismissal of this action. Further, the magistrate judge informed the parties that they must file objections to the report and recommendation within fourteen (14) days of receipt or waive their appellate rights. No objections were filed.

For the reasons that follow, this Court finds that the magistrate judge's order should be affirmed and adopted in its entirety.

### III. Applicable Law

As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be

upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  All findings and recommendations to which objections were not raised will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

IV.  Discussion

A.  Failure to Exhaust State Court Remedies

Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas relief.  To exhaust state remedies, a habeas petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim."  Longworth v. Ozmint, 377 F.3d 437, 438 (4th Cir. 2004) (citations and internal citation omitted).  Until the state has been given the opportunity to consider the issue and afford a remedy if relief is warranted, "federal courts in habeas proceedings by state prisoners should stay their hand."  Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975)).  The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).  However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly

4

established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). The phrase "'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

Nevertheless, habeas corpus relief is not warranted unless the constitutional error at trial had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). Accordingly, "[u]nder this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637.

In this case, as the magistrate judge noted, the petitioner has not appealed any of his current claims to the highest state court. Additionally, his second state habeas claim that appears to make similar arguments as those made in this action is still pending before the Circuit Court of Ohio County, West Virginia. Thus, it is clear that the state court has not issued a decision on the merits of these claims and has not been afforded a full and

5

fair opportunity to pass upon and correct the violations that the petitioner has alleged. Therefore, those claims have not been exhausted and this Court must dismiss the petition.

B.  <u>Timeliness</u>

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). Specifically, the AEDPA provides in pertinent part that:

> The limitation period shall run from the last of:
>
> A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;
>
> C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The magistrate judge applied the statute of limitations to the present case and found that the petitioner failed to file his federal habeas petition in a timely manner. Specifically, the magistrate judge found that the petitioner's

federal habeas petition is untimely because he failed to file by December 3, 2011, which would have been one year from when his sentence became final.

Furthermore, the magistrate judge found that even with tolling the petitioner's one-year limitation while his first habeas petition was pending, he is still untimely. The petitioner's one-year limitation would have began to run again on May 26, 2012 and would have expired on March 23, 2013 (given that 64 days of the original one year had expired before the first state habeas petitioner was filed). The petitioner did not file his second habeas petition until January 29, 2014, the same day as this habeas was filed and thus, it is untimely. As such, this Court agrees with the position of the magistrate judge that the petitioner's § 2254 application is untimely and thus, such a finding is not in clear error.

Moreover, the facts alleged by the petitioner do not support equitable tolling. "Equitable tolling is available only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to

his own conduct, (3) that prevented him from filing on time." Id. In this case, even assuming for the sake of argument that the petitioner's counsel was ineffective as the petitioner contends in his response to the motion to dismiss, the petitioner has failed to establish "extraordinary circumstances" beyond his control that made it impossible for him to file a petition on time.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED. Additionally, the respondent's motion to dismiss is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 2, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE